

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00208-CR

BENITO CRUZ RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 119th District Court
Concho County, Texas
Trial Court No. DSM-18-02011, Honorable Ben Woodward, Presiding

December 17, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant Benito Cruz Ramirez appeals his conviction for possession of a controlled substance with the intent to deliver. Appellant's brief was originally due September 18, 2019. We subsequently granted appellant's counsel three extensions to file a brief. By letter of November 19, 2019, we notified appellant's counsel that if the brief was not filed by December 2, the appeal would be abated and the cause remanded to the trial court for further proceedings. TEX. R. APP. P. 38.8(b)(2), (3). On December 2, 2019, appellant's counsel filed a motion seeking an extension until December 6 to file the

brief.  To date, counsel has not filed appellant's brief or had any further communication with this Court.

Accordingly, we deny appellant's motion for extension, abate the appeal, and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall determine the following:

1.     whether appellant still desires to prosecute the appeal;

2.     whether appellant is indigent;

3.     whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file an appellate brief, s*ee Ex parte Briggs,* 187 S.W.3d 458, 467 (Tex. Crim. App. 2005) (holding "a reasonably competent attorney—regardless of whether he is retained or appointed—must seek to advance his client's best defense in a reasonably competent manner");

4.     whether new counsel should be appointed; and

5.     if appellant desires to continue the appeal, the final date on which appellant will file appellant's brief.

The trial court is also directed to enter such orders necessary to address the aforementioned questions.  So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by January 10, 2020. If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, and phone number of any new counsel appointed shall be included in the aforementioned findings.  Should further time be needed to perform these tasks, then same must be requested before January 10, 2020.

It is so ordered.

Per Curiam

Do not publish.